1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERNEST HOVEY,                              No.  2:15-cv-1835 CKD P

12                    Plaintiff,

13         v.                                     ORDER

14    SACRAMENTO COUNTY DISTRICT
      ATTORNEY,
15
                      Defendant.
16

17

18         Plaintiff is a Sacramento County Jail prisoner proceeding pro se.  Plaintiff seeks relief

19    pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28

20    U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28

21    U.S.C. § 636(b)(1) and plaintiff has consented to have all matters in this action heard by a United

22    States Magistrate Judge.   See 28 U.S.C. § 636(c).

23         Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

24    1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

25         Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

26    1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

27    initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

28    Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

                                              1

1   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

2   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

3   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4         The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15   Cir. 1989); Franklin, 745 F.2d at 1227.

16         In order to avoid dismissal for failure to state a claim a complaint must contain more than

17   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

18   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

19   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

20   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

21   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

22   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

24   at 678.  When considering whether a complaint states a claim upon which relief can be granted,

25   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

26   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

27   U.S. 232, 236 (1974).

28   /////

1      In his complaint, plaintiff asserts his Eighth Amendment right to "fair and reasonable

2  bail" has been violated as the Sacramento County District Attorney has set bail for plaintiff at

3  $750,000.  Plaintiff alleges he stands charged of second degree burglary.

4      In California, district attorneys do not set bail schedules, superior courts do.  <u>Dant v. Sup.

5  Ct.</u>, 61 Cal. App. 4th 380, 386 (1st Dist. 1998).  For plaintiff to state a claim against a law

6  enforcement official for excessive bail, he must allege facts showing that the bail amount imposed

7  by a court was excessive and that the law enforcement official was the proximate cause of the

8  imposition of excessive bail by deliberately or recklessly misleading the court.  <u>Galen v. County

9  of Los Angeles</u>, 477 F.3d 652, 663 (9th Cir. 2007).   Plaintiff makes no such allegations against

10  the defendant.

11      For these reasons, plaintiff's complaint fails to state a claim upon which relief can be

12  granted and will be dismissed.  Plaintiff will be provided one opportunity to amend his complaint

13  and cure its deficiencies.

14      Plaintiff is informed that the court cannot refer to a prior pleading in order to make

15  plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be

16  complete in itself without reference to any prior pleading.  This is because, as a general rule, an

17  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th

18  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

19  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

20  and the involvement of each defendant must be sufficiently alleged.

21      In accordance with the above, IT IS HEREBY ORDERED that:

22      1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is granted.

23      2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

24  shall be collected and paid in accordance with this court's order to the Director of the California

25  Department of Corrections and Rehabilitation filed concurrently herewith.

26      3.  Plaintiff's complaint is dismissed.

27      4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

28  complaint that complies with the requirements of this order, the Civil Rights Act, the Federal

Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  November 4, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hove1835.14

4