UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HOVEY,<br><br>                    Plaintiff,<br><br>      v.<br><br>SACRAMENTO COUNTY DISTRICT ATTORNEY,<br><br>                    Defendant. | No.  2:15-cv-1835 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. He seeks relief pursuant to 42 U.S.C. § 1983, and has consented to have all matters in this action before a United States Magistrate Judge. 28 U.S.C. § 636(c). Plaintiff's amended complaint is now before the court for screening.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
3  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467
9  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under
11 this standard, the court must accept as true the allegations of the complaint in question, Hospital
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 McKeithen, 395 U.S. 411, 421 (1969).

15 Plaintiff alleges that he was arrested at his home in Phoenix on a warrant issued from the
16 Superior Court of Sacramento County. Bail has been set at $750,000. Plaintiff alleges bail
17 should have been set at $90,000, because plaintiff is not a flight risk as found by the Superior
18 Court. Plaintiff alleges this finding was based on mis-information provided by defendant
19 Detective S. Bergquist of the Sacramento Police Department. Plaintiff seeks $650,000 in
20 damages and $6,500,000 in punitive damages.

21 Excessive bail is prohibited under the Eighth Amendment. For plaintiff to state a claim
22 against a law enforcement official for excessive bail, he must allege facts showing that the bail
23 amount imposed by a court was excessive and that the law enforcement official was the
24 proximate cause of the imposition of excessive bail by deliberately or recklessly misleading the
25 court. Galen v. County of Los Angeles, 477 F.3d 652, 663 (9th Cir. 2007).

26 Plaintiff fails to point to any information provided by defendant Bergquist to the Superior
27 Court which was misleading. Furthermore, plaintiff is a flight risk from Sacramento County
28 since his home in Phoenix is over 700 miles away. For these reasons, plaintiff fails to state a

1  claim upon which relief can be granted. This action will be dismissed as granting plaintiff leave
2  to amend a second time to cure the deficiencies in his claims is futile.
3      In accordance with the above, IT IS HEREBY ORDERED that:
4      1. Plaintiff's amended complaint is dismissed for failure to state a claim upon which
5  relief can be granted; and
6      2. This case is closed.
7  Dated: March 3, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
hove1835.dis